IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01860-BNB

DENNIS L. GOMEZ,

    Plaintiff,

v.

COLORADO TERRITORY,
COLORADO DEPARTMENT OF CORRECTIONS,
STERLING CORRECTIONAL FACILITY,
STERLING CORRECTIONAL MEDICAL FACILITY, and
ATTORNEYS GENERAL OF COLORADO,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT -8 2008

GREGORY C. LANGHAM
                CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Dennis L. Gomez, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Sterling, Colorado, Correctional Facility. Mr. Gomez initiated this action by filing a *pro se* Prisoner Complaint alleging that his constitutional rights have been violated. He asks for money damages and declaratory relief.

The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Gomez will be ordered to file an Amended Complaint and name proper parties to the action.

The Court has reviewed the Complaint and finds that it is deficient. Mr. Gomez may not sue the Colorado Department of Corrections, the Sterling Correctional Facility, and the State of Colorado. Although Plaintiff has listed the "Colorado Territory" in the caption of the Complaint, the Colorado Territory is in essence the State of Colorado. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Medical Center*, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Com'n*, 328 F.3d 638, 644 (10th Cir. 2003).

The Eleventh Amendment, however, does not bar a federal court action so long as the plaintiff seeks in substance only prospective relief rather money damages for alleged violations of federal law and asserts claims against individual state officers. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 277 (1997); *Hill v. Kemp*, 478

2

F.3d 1236 (10th Cir. 2007). If Plaintiff is asserting that DOC policies regarding the grievance procedure and the provision of medical care violate federal law, Plaintiff must name the proper DOC officials responsible for establishing or implementing DOC policies.

If, however, Plaintiff is asserting that DOC employees are failing to abide by DOC policy, Plaintiff must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Gomez must name and show how the DOC employees caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Therefore, Mr. Gomez will be directed to file an Amended Complaint that alleges how each properly named defendant personally participated in the asserted constitutional violation. In order for Mr. Gomez to state a claim in federal court, he must must explain in his Amended Complaint what each defendant did to him, when the defendant did the action, how the action harmed him, and what specific legal right he believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Court further notes that in Claim One Mr. Gomez expresses his dissatisfaction with DOC policies generally concerning the grievance procedure. In attacking DOC policies regarding the grievance procedure, he fails to allege facts indicating how he has been injured by these policies. The United States Constitution requires that a party seeking to invoke the jurisdiction of the federal courts must demonstrate that he has suffered some actual or threatened injury, that the injury was caused by the defendants, and that a favorable judicial decision is likely to redress the injury. ***Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.***, 454 U.S. 464, 472 (1982); ***Hackford v. Babbitt***, 14 F.3d 1457, 1464 (10th Cir. 1994). Because Mr. Gomez fails to demonstrate any actual or threatened injury as a result of the policies he attacks he lacks standing to assert claims generally attacking the grievance procedure. *See **Citizens Concerned for Separation of Church & State v. City & County of Denver***, 628 F.2d 1289, 1295-96 (10th Cir. 1980). Accordingly, it is

ORDERED that Mr. Gomez file **within thirty days from the date of this Order** an Amended Complaint that is in keeping with the instant Order and names the proper parties to the action. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Gomez, together with a copy of this Order, two copies of a Court-approved Prisoner Complaint form to be used in submitting the Amended Complaint. It is

FURTHER ORDERED that if Mr. Gomez fails within the time allowed to file an original and sufficient copies of an Amended Complaint that complies with this Order, to

the Court's satisfaction, the action will be dismissed without further notice.

DATED October 8, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01860-BNB

Dennis L. Gomez
Prisoner No. 85143
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on 10/8/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk