IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01860-BNB

DENNIS L. GOMEZ,

    Plaintiff,

v.

COLORADO TERRITORY,
COLORADO DEPARTMENT OF CORRECTIONS,
STERLING CORRECTIONAL FACILITY,
STERLING CORRECTIONAL MEDICAL FACILITY, and
ATTORNEYS GENERAL OF COLORADO,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 15 2009

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION TO RECONSIDER
AND MOTION TO RECUSE

---

Plaintiff Dennis L. Gomez, a State of Colorado prisoner, filed a *pro se* pleading, on January 12, 2009, titled, "Relief From Judgement [sic] or Order." In the pleading, Plaintiff asks that the Court reinstate the instant action and that both Senior Judge Zita L. Weinshienk and Magistrate Judge Boyd N. Boland recuse themselves from the action. The Court must construe the pleading liberally because Mr. Gomez is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

First, to the extent Applicant seeks to recuse Magistrate Judge Boland, the request is moot because Magistrate Judge Boland no longer is assigned to this case. As for Senior Judge Weinshienk, 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to

recuse herself based upon personal bias or prejudice either against the moving party or in favor of any adverse party. Mr. Gomez's request that Judge Weinshienk recuse herself, therefore, is construed as a Motion for Recusal filed pursuant to § 144. In a request for recusal of a judge, § 144 requires the moving party to submit to the court a timely and sufficient affidavit of personal bias and prejudice. *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997). "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Although a court must accept the facts alleged in the supporting affidavit under § 144 as true, the affidavit is construed strictly against the party seeking recusal. *See Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988). "[T]here is a substantial burden on the moving party to demonstrate that the judge is not impartial." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." The goal of this provision is to avoid even the appearance of partiality. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). Pursuant to § 455, a court is not required to accept all factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Glass*, 849 F.2d at 1268 (internal quotation marks omitted). The standard is completely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

2

Mr. Gomez alleges that the Court has acted on behalf of the Defendants in dismissing his case. His allegation is conclusory and vague. Plaintiff fails to demonstrate that disqualification is appropriate pursuant to either 28 U.S.C. §§ 144 or 455(a). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Therefore, the Motion for Recusal will be denied.

As for Mr. Gomez's request for relief from judgment, a litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243.

The Court dismissed the instant action on November 20, 2008. Mr. Gomez's request for relief from judgment has been filed well over ten days after the Court's Judgment. Therefore, the request will be considered as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant action without prejudice because Mr. Gomez failed to prosecute the action and file an Amended Complaint as he was instructed to do. Plaintiff was warned that if he failed to file an Amended Complaint within the time allowed the action would be dismissed without further notice.

3

Upon consideration of the Motion to Reconsider and the entire file, the Court finds that Mr. Gomez fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. The instant action was dismissed without prejudice. Plaintiff is able to pursue his claims by filing a new action if he chooses. Accordingly, it is

ORDERED that the pleading filed on January 12, 2009, is construed in part as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. Rule 60(b) and is denied. It is

FURTHER ORDERED that the pleading filed on January 12, 2009, is construed in part as a Motion for Recusal and is denied.

DATED at Denver, Colorado, this 14 day of January, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01860-BNB

Dennis L. Gomez
Prisoner No. 85143
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 1/15/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk